1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN CHARLES JACKSON,

11          Plaintiff,                    No. 2:11-cv-2116 KJN P

12      vs.

13   FEDERAL CORRECTIONAL
     INSTITUTION ("FCI"), HERLONG,
14   HEALTH SERVICES, et al.,

15          Defendants.                   ORDER

16   _____/

17          Plaintiff is a federal prisoner proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983,[1] and has requested leave to proceed in forma pauperis pursuant to

19   28 U.S.C. § 1915.  On November 7, 2011, plaintiff submitted a signed declaration that makes the

20   showing required by 28 U.S.C. § 1915(a).  Thus, the request to proceed in forma pauperis is

21   granted.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

22   Rule 302.

23

24          [1] Actions under § 1983 and those under Bivens v. Six Unknown Named Agents, 403
     U.S. 388 (1971), are identical save for the replacement of a state actor under § 1983 by a federal
     actor under Bivens.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (same).  When
25   reviewing a Bivens action for which there is no case on point, § 1983 cases are applied by
     analogy.  See, e.g., Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinctions for purposes of
26   immunity between state officials sued under § 1983 and federal officials sued under Bivens).

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

2  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

3  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

4  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

5  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

6  make monthly payments of twenty percent of the preceding month's income credited to

7  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

8  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

9  fee is paid in full.  28 U.S.C. § 1915(b)(2).

10    The court is required to screen complaints brought by prisoners seeking relief

11  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

12  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

13  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14  granted, or that seek monetary relief from a defendant who is immune from such relief.

15  28 U.S.C. § 1915A(b)(1),(2).

16    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

18  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

19  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

22  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

23  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

24  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

25  1227.

26  ////

2

1    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

2    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

3    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

4    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

5    (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

6    than "a formulaic recitation of the elements of a cause of action;" it must contain factual

7    allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

8    "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

9    notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

10   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

11   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

12   as true the allegations of the complaint in question,  id., and construe the pleading in the light

13   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

14    Plaintiff, a 22 year old male, allegedly suffered from testicular torsion, and alleges

15   that defendants' failure to provide adequate medical care resulted in the loss of his right testicle.

16   Although plaintiff alleges violations of his Eighth and Fourteenth[2] Amendment rights, plaintiff's

17   allegations of delayed and inadequate medical care are both based on the Eighth Amendment.

18    The Civil Rights Act under which this action was filed provides as follows:

19    Every person who, under color of [state law] . . . subjects, or causes
20    to be subjected, any citizen of the United States . . . to the
      deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
21    law, suit in equity, or other proper proceeding for redress.

22   42 U.S.C. § 1983.  Here, the defendant must act under color of federal law.  Bivens, 403 U.S. at

23

24    [2]  The Due Process Clause protects against the deprivation of liberty without due process
     of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to state a cause of action for a
25   deprivation of due process, a plaintiff must first identify a liberty interest for which the protection
     is sought.  Id.  The Due Process Clause does not confer a liberty interest in freedom from state
26   action taken within a prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480 (1995).

1   388.  Section 1983 requires that there be an actual connection or link between the actions of the

2   defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

3   Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability

4   to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative

5   link between the incidents of police misconduct and the adoption of any plan or policy

6   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

7   to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

8   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

9   legally required to do that causes the deprivation of which complaint is made."  Johnson v.

10  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11          Moreover, supervisory personnel are generally not liable under § 1983 for the

12  actions of their employees under a theory of respondeat superior and, therefore, when a named

13  defendant holds a supervisorial position, the causal link between him and the claimed

14  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

15  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

16  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

17  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

18  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

19  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

20  personal participation is insufficient).

21          In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that

22  inadequate medical care did not constitute cruel and unusual punishment cognizable under

23  § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical

24  needs."  An official is deliberately indifferent if he both knows of and disregards an excessive

25  risk to an inmate's health.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, to demonstrate

26  deliberate indifference, a plaintiff must establish that the alleged harm was "sufficiently serious"

4

1   and that the official acted with a "sufficiently culpable state of mind." Id. at 834 (citing Wilson

2   v. Seiter, 501 U.S. 294, 298, 302-03 (1991)).

3              Thus, a prison official does not act in a deliberately indifferent manner unless the

4   official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S.

5   at 834.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally

6   interfere with medical treatment," or in the manner "in which prison physicians provide medical

7   care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

8   WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is

9   alleging a delay in receiving medical treatment, the delay must have led to further harm in order

10  for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin,

11  974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th

12  Cir. 1985)).

13              However, a complaint that a physician has been negligent
               in diagnosing or treating a medical condition does not state a valid
14             claim of medical mistreatment under the Eighth Amendment.
               Medical malpractice does not become a constitutional violation
15             merely because the victim is a prisoner.

16  Estelle, 429 U.S. at 106.  Isolated occurrences of neglect do not constitute deliberate indifference

17  to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) ("If the harm

18  is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily

19  militates against a finding of deliberate indifference."); McGuckin, 974 F.2d at 1060; O'Loughlin

20  v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

21             Here, plaintiff named 10 defendants.  However, plaintiff failed to include charging

22  allegations as to at least three of the named defendants -- FCI - Herlong Health Services, St.

23  Mary's Regional Medical Center, and James Pelton, M.D.  Because no charging allegations were

24  included as to defendant Pelton, plaintiff's claims against defendant Pelton are dismissed with

25  leave to amend.

26             "The Eleventh Amendment bars suits for money damages in federal court against

5

1  a state, its agencies, and state officials acting in their official capacities." <u>Aholelei v. Dept. of</u>

2  <u>Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007).  Therefore, a <u>Bivens</u> action will not lie

3  against the United States, agencies of the United States, or federal agents in their official

4  capacity.  <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994).  However, the Eleventh Amendment

5  does not bar suits seeking damages from public officials acting in their personal capacities.

6  <u>Hafer v. Melo</u>, 502 U.S. 21, 30 (1991).  "<u>Bivens</u>' purpose is to deter individual federal officers,

7  not the agency, from committing constitutional violations." <u>Correctional Services Corporation v.</u>

8  <u>Malesko</u>, 534 U.S. 61, 62 (2001) (<u>Bivens</u>' limited holding may not be extended to confer a right

9  of action for damages against private entities acting under color of federal law).  Thus, plaintiff

10  cannot state a cognizable claim against defendant FCI - Herlong Health Services.

11         Moreover, as to defendant St. Mary's Regional Medical Center, the "Ninth Circuit

12  has consistently dismissed private hospitals and doctors in § 1983 claims for failing to come

13  within the color of state law." <u>Coles v. Eagle</u>, 2009 WL 2700210 (D. Haw. 2009), citing <u>Sutton</u>

14  <u>v. Providence St. Joseph Medical Center</u>, 192 F.3d 826, 836-43 (9th Cir. 1999) (private hospital

15  did not act under color of federal law in <u>Bivens</u> action).[3]  Therefore, it appears plaintiff cannot

16  state a cognizable claim against St. Mary's Regional Medical Center.  It is unclear whether

17  plaintiff can allege a cognizable claim against defendants Wilson, Laughlin, Michelson, or

18  Pelton.  (<u>See</u> n.3 <u>infra</u>.)  If plaintiff chooses to name these individuals as defendants in the

19  amended complaint, plaintiff must show how each defendant acted under color of federal law.

20         Accordingly, plaintiff should not name FCI-Herlong Health Services or St. Mary's

21

22      [3] <u>Bivens</u> does not provide a cause of action against purely private conduct. <u>See</u>
<u>Rendall-Baker v. Kohn</u>, 457 U.S. 830, 838-42 (1982) (state support and regulation of a private
23  school did not render school's personnel decisions state action).  However, private conduct that is
"fairly attributable" to a government actor may serve as the basis for a <u>Bivens</u> civil rights claim.
24  <u>Lugar v. Edmonson Oil Co., Inc.</u>, 457 U.S. 922, 937 (1982).  In <u>Bivens</u> actions, courts apply the
same principles used to determine whether a private party acts under color of state law in a
25  § 1983 action.  In the context of physicians who treat prison inmates, "the physician's function
within the state system, not the precise terms of his employment, ... determines whether his
26  actions can be fairly attributed to the State." <u>West v. Atkins</u>, 487 U.S. 42, 55-56 (1988).

1   Regional Medical Center as defendants in any amended complaint.

2         Plaintiff also named three individuals who performed certain medical tests:  (1)

3   Shermi T. Tam performed a CT scan; (2) Rorick Wilkis performed a DX abdomen 1 view; and

4   (3) Dale A. Griffin performed a US retroperitoneal complete.  However, the attachments to

5   plaintiff's complaint demonstrate that each of these defendants performed these tests at the

6   direction of medical doctors, and each doctor signed each report.  (Dkt. No. 1 at 14-16.)  None of

7   these reports note that defendants Tam, Wilkis or Griffin are medical doctors, and none of these

8   defendants signed the reports issued from the medical tests performed.  Instead, the records

9   reflect that each defendant performed the specific medical test as ordered by a medical doctor,

10  and each report from each test was verified by a medical doctor.  Plaintiff does not allege that

11  defendants Tam, Wilkis or Griffin performed these tests inaccurately, or that plaintiff was injured

12  during the performance of these tests.  Rather, plaintiff alleges each of these defendants "failed to

13  notice a possible 'testicular torsion.'"[4]  (Dkt. No. 1 at 7.)  However, because these defendants are

14  not medical doctors, and were not responsible for plaintiff's medical care, plaintiff's allegations

15  as to defendants Tam, Wilkis and Griffin fail to state a cognizable civil rights claim.  Plaintiff

16  should not renew his claims against defendants Tam, Wilkis and Griffin in any amended

17  complaint.

18        In addition, plaintiff alleges the delay in treatment caused the loss of his right

19  testicle.  Specifically, plaintiff alleges he began having pain in his abdomen and testicle areas on

20  October 17 through 19, 2010. (Dkt. No. 1 at 2.)  The medical record appended to the complaint

21  reflects that on October 17, 2010, paramedics were summoned to FCI-Herlong at 6:28 p.m.,

22  arrived at the scene at 7:07 p.m., and plaintiff was transported to St. Mary's Hospital at 7:28

23  p.m., and arrived at 8:25 p.m. (Dkt. No. 1 at 13.)  Plaintiff was seen in the emergency room, and

24  _____

25        [4]  However, plaintiff also claims that defendant Wilson may have caused the testicular
    torsion on October 18, 2010, <u>after</u> defendants Tam, Wilkis and Griffin performed these tests at
26  St. Mary's on October 17, 2010.  (Dkt. No. 1 at 6.)

1   had his first medical test, the US retroperitoneal complete, performed at 9:29 p.m.  (Dkt. No. 1 at

2   19.)  However, the reports from the October 17, 2010 medical tests reflect plaintiff complained

3   of abdominal pain.  (Dkt. No. 1 at 14, 16, 18.)  The Regional Director's response to plaintiff's

4   appeal states that plaintiff was discharged in the evening of October 17, 2010, after receiving

5   treatment for "impression of constipation."  (Dkt. No. 1 at 35.)  On October 19, 2010, plaintiff

6   was evaluated by an EMT for "an emergency for an onset of severe right testicular pain," and

7   transported to St. Mary's Hospital for evaluation and treatment.  (Id.)  On October 19, 2010, a

8   scrotal ultrasound exam was performed at 9:37 p.m., and the report noted right testicular pain,

9   and an impression of right testicular torsion.  (Dkt. No. 1 at 17.)  On October 20, 2010, a right

10  orchiectomy was performed due to torsion and gangrene of the right testicle, and plaintiff was

11  discharged later that day.  (Dkt. No. 1 at 35.)

12          However, it is unclear from the complaint which period or periods of delay

13  plaintiff challenges, and which defendant or defendants plaintiff alleges was responsible for such

14  delay.  This information is important, particularly in light of plaintiff's allegation that he may not

15  have sustained the testicular torsion until October 18, 2010.  (Dkt. No. 1 at 6.)  Thus, plaintiff's

16  claim that his constitutional rights were violated based on the delay in medical treatment for the

17  testicular torsion is dismissed with leave to amend.  In the amended complaint, plaintiff should

18  set forth the alleged period or periods of delay he contends demonstrates a constitutional

19  violation, and specifically identify the individual plaintiff argues was responsible for the delay.

20          Finally, in connection with plaintiff's allegations that defendants were deliberately

21  indifferent to plaintiff's serious medical needs, plaintiff is cautioned that he must allege facts

22  demonstrating that each named defendant acted with a sufficiently culpable state of mind.  In

23  other words, plaintiff must show the defendant not only knew there was a risk to plaintiff, but

24  that the defendant was also aware of the risk, yet acted in disregard of that risk.  In any amended

25  complaint, plaintiff must allege facts supporting both prongs of Farmer.  511 U.S. at 837.

26          The court finds the allegations in plaintiff's complaint so vague and conclusory

8

1    that it is unable to determine whether the current action is frivolous or fails to state a claim for

2    relief.  The court has determined that the complaint does not contain a short and plain statement

3    as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

4    policy, a complaint must give fair notice and state the elements of the claim plainly and

5    succinctly.  <u>Jones v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

6    allege with at least some degree of particularity overt acts which defendants engaged in that

7    support plaintiffs claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed.

8    R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

9    an amended complaint.

10         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11    conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

12    <u>Rizzo</u>, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named

13    defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is some

14    affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>;

15    <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson</u>, 588 F.2d at 743.  As noted above,

16    vague and conclusory allegations of official participation in civil rights violations are not

17    sufficient.  <u>Ivey</u>, 673 F.2d at 268.

18         In addition, plaintiff is hereby informed that the court cannot refer to a prior

19    pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

20    an amended complaint be complete in itself without reference to any prior pleading.  This

21    requirement exists because, as a general rule, an amended complaint supersedes the original

22    complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

23    complaint, the original pleading no longer serves any function in the case.  Therefore, in an

24    amended complaint, as in an original complaint, each claim and the involvement of each

25    defendant must be sufficiently alleged.

26    ////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6  Warden of the Federal Correctional Institution at Terre Haute filed concurrently herewith.

7        3.  Plaintiff's complaint is dismissed.

8        4.  Within thirty days from the date of this order, plaintiff shall complete the

9  attached Notice of Amendment and submit the following documents to the court:

10               a.  The completed Notice of Amendment; and

11               b.  An original and one copy of the Amended Complaint.

12  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

13  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

14  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

15  Failure to file an amended complaint in accordance with this order may result in the dismissal of

16  this action.

17  DATED:  December 1, 2011

18

19                                          _Kendall J. Newman_____

20                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

21  jack2116.14

22

23

24

25

26

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN CHARLES JACKSON,

11            Plaintiff,                    No. 2:11-cv-2116 KJN P

12       vs.

13   FEDERAL CORRECTIONAL
     INSTITUTION, HERLONG,
14   HEALTH SERVICES, et al.,
                                            NOTICE OF AMENDMENT
15            Defendants.

16   _____/

17            Plaintiff hereby submits the following document in compliance with the court's

18   order filed _____:

19            _____   Amended Complaint

20   DATED:

21

22                                 _____
23                                 Plaintiff

24

25

26