IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CHARLES JACKSON,

    Plaintiff,                            No. 2:11-cv-2116 KJN P

    vs.

FEDERAL CORRECTIONAL
INSTITUTION ("FCI"), HERLONG,
HEALTH SERVICES, et al.,

    Defendants.                      ORDER

_____/

        Plaintiff is a federal prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983,[1] and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On November 7, 2011, plaintiff submitted a signed declaration that makes the showing required by 28 U.S.C. § 1915(a). Thus, the request to proceed in forma pauperis is granted. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

---

[1] Actions under § 1983 and those under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (same). When reviewing a Bivens action for which there is no case on point, § 1983 cases are applied by analogy. See, e.g., Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity between state officials sued under § 1983 and federal officials sued under Bivens).

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

////

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff, a 22 year old male, allegedly suffered from testicular torsion, and alleges that defendants' failure to provide adequate medical care resulted in the loss of his right testicle. Although plaintiff alleges violations of his Eighth and Fourteenth[2] Amendment rights, plaintiff's allegations of delayed and inadequate medical care are both based on the Eighth Amendment.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendant must act under color of federal law. Bivens, 403 U.S. at

---

[2] The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995).

3

1  388. Section 1983 requires that there be an actual connection or link between the actions of the
2  defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.
3  Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability
4  to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative
5  link between the incidents of police misconduct and the adoption of any plan or policy
6  demonstrating their authorization or approval of such misconduct). "A person 'subjects' another
7  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an
8  affirmative act, participates in another's affirmative acts or omits to perform an act which he is
9  legally required to do that causes the deprivation of which complaint is made." Johnson v.
10 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
11         Moreover, supervisory personnel are generally not liable under § 1983 for the
12 actions of their employees under a theory of respondeat superior and, therefore, when a named
13 defendant holds a supervisorial position, the causal link between him and the claimed
14 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
15 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.
16 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where
17 there is no evidence of personal participation). Vague and conclusory allegations concerning the
18 involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board
19 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of
20 personal participation is insufficient).
21         In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that
22 inadequate medical care did not constitute cruel and unusual punishment cognizable under
23 § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical
24 needs." An official is deliberately indifferent if he both knows of and disregards an excessive
25 risk to an inmate's health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, to demonstrate
26 deliberate indifference, a plaintiff must establish that the alleged harm was "sufficiently serious"

and that the official acted with a "sufficiently culpable state of mind." Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298, 302-03 (1991)).

Thus, a prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 834. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

> However, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

Estelle, 429 U.S. at 106. Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) ("If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference."); McGuckin, 974 F.2d at 1060; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Here, plaintiff named 10 defendants. However, plaintiff failed to include charging allegations as to at least three of the named defendants -- FCI - Herlong Health Services, St. Mary's Regional Medical Center, and James Pelton, M.D. Because no charging allegations were included as to defendant Pelton, plaintiff's claims against defendant Pelton are dismissed with leave to amend.

"The Eleventh Amendment bars suits for money damages in federal court against

5

1  a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of
2  Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Therefore, a Bivens action will not lie
3  against the United States, agencies of the United States, or federal agents in their official
4  capacity.  See FDIC v. Meyer, 510 U.S. 471, 486 (1994).  However, the Eleventh Amendment
5  does not bar suits seeking damages from public officials acting in their personal capacities.
6  Hafer v. Melo, 502 U.S. 21, 30 (1991).  "Bivens' purpose is to deter individual federal officers,
7  not the agency, from committing constitutional violations." Correctional Services Corporation v.
8  Malesko, 534 U.S. 61, 62 (2001) (Bivens' limited holding may not be extended to confer a right
9  of action for damages against private entities acting under color of federal law).  Thus, plaintiff
10 cannot state a cognizable claim against defendant FCI - Herlong Health Services.

   Moreover, as to defendant St. Mary's Regional Medical Center, the "Ninth Circuit
has consistently dismissed private hospitals and doctors in § 1983 claims for failing to come
within the color of state law." Coles v. Eagle, 2009 WL 2700210 (D. Haw. 2009), citing Sutton
v. Providence St. Joseph Medical Center, 192 F.3d 826, 836-43 (9th Cir. 1999) (private hospital
did not act under color of federal law in Bivens action).[3]  Therefore, it appears plaintiff cannot
state a cognizable claim against St. Mary's Regional Medical Center.  It is unclear whether
plaintiff can allege a cognizable claim against defendants Wilson, Laughlin, Michelson, or
Pelton.  (See n.3 infra.)  If plaintiff chooses to name these individuals as defendants in the
amended complaint, plaintiff must show how each defendant acted under color of federal law.

   Accordingly, plaintiff should not name FCI-Herlong Health Services or St. Mary's

---

[3] Bivens does not provide a cause of action against purely private conduct. See Rendall-Baker v. Kohn, 457 U.S. 830, 838-42 (1982) (state support and regulation of a private school did not render school's personnel decisions state action).  However, private conduct that is "fairly attributable" to a government actor may serve as the basis for a Bivens civil rights claim. Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 937 (1982).  In Bivens actions, courts apply the same principles used to determine whether a private party acts under color of state law in a § 1983 action.  In the context of physicians who treat prison inmates, "the physician's function within the state system, not the precise terms of his employment, ... determines whether his actions can be fairly attributed to the State." West v. Atkins, 487 U.S. 42, 55-56 (1988).

Regional Medical Center as defendants in any amended complaint.

Plaintiff also named three individuals who performed certain medical tests: (1) Shermi T. Tam performed a CT scan; (2) Rorick Wilkis performed a DX abdomen 1 view; and (3) Dale A. Griffin performed a US retroperitoneal complete. However, the attachments to plaintiff's complaint demonstrate that each of these defendants performed these tests at the direction of medical doctors, and each doctor signed each report. (Dkt. No. 1 at 14-16.) None of these reports note that defendants Tam, Wilkis or Griffin are medical doctors, and none of these defendants signed the reports issued from the medical tests performed. Instead, the records reflect that each defendant performed the specific medical test as ordered by a medical doctor, and each report from each test was verified by a medical doctor. Plaintiff does not allege that defendants Tam, Wilkis or Griffin performed these tests inaccurately, or that plaintiff was injured during the performance of these tests. Rather, plaintiff alleges each of these defendants "failed to notice a possible 'testicular torsion.'"[4] (Dkt. No. 1 at 7.) However, because these defendants are not medical doctors, and were not responsible for plaintiff's medical care, plaintiff's allegations as to defendants Tam, Wilkis and Griffin fail to state a cognizable civil rights claim. Plaintiff should not renew his claims against defendants Tam, Wilkis and Griffin in any amended complaint.

In addition, plaintiff alleges the delay in treatment caused the loss of his right testicle. Specifically, plaintiff alleges he began having pain in his abdomen and testicle areas on October 17 through 19, 2010. (Dkt. No. 1 at 2.) The medical record appended to the complaint reflects that on October 17, 2010, paramedics were summoned to FCI-Herlong at 6:28 p.m., arrived at the scene at 7:07 p.m., and plaintiff was transported to St. Mary's Hospital at 7:28 p.m., and arrived at 8:25 p.m. (Dkt. No. 1 at 13.) Plaintiff was seen in the emergency room, and

---

[4] However, plaintiff also claims that defendant Wilson may have caused the testicular torsion on October 18, 2010, <u>after</u> defendants Tam, Wilkis and Griffin performed these tests at St. Mary's on October 17, 2010. (Dkt. No. 1 at 6.)

had his first medical test, the US retroperitoneal complete, performed at 9:29 p.m. (Dkt. No. 1 at 19.) However, the reports from the October 17, 2010 medical tests reflect plaintiff complained of abdominal pain. (Dkt. No. 1 at 14, 16, 18.) The Regional Director's response to plaintiff's appeal states that plaintiff was discharged in the evening of October 17, 2010, after receiving treatment for "impression of constipation." (Dkt. No. 1 at 35.) On October 19, 2010, plaintiff was evaluated by an EMT for "an emergency for an onset of severe right testicular pain," and transported to St. Mary's Hospital for evaluation and treatment. (Id.) On October 19, 2010, a scrotal ultrasound exam was performed at 9:37 p.m., and the report noted right testicular pain, and an impression of right testicular torsion. (Dkt. No. 1 at 17.) On October 20, 2010, a right orchiectomy was performed due to torsion and gangrene of the right testicle, and plaintiff was discharged later that day. (Dkt. No. 1 at 35.)

However, it is unclear from the complaint which period or periods of delay plaintiff challenges, and which defendant or defendants plaintiff alleges was responsible for such delay. This information is important, particularly in light of plaintiff's allegation that he may not have sustained the testicular torsion until October 18, 2010. (Dkt. No. 1 at 6.) Thus, plaintiff's claim that his constitutional rights were violated based on the delay in medical treatment for the testicular torsion is dismissed with leave to amend. In the amended complaint, plaintiff should set forth the alleged period or periods of delay he contends demonstrates a constitutional violation, and specifically identify the individual plaintiff argues was responsible for the delay.

Finally, in connection with plaintiff's allegations that defendants were deliberately indifferent to plaintiff's serious medical needs, plaintiff is cautioned that he must allege facts demonstrating that each named defendant acted with a sufficiently culpable state of mind. In other words, plaintiff must show the defendant not only knew there was a risk to plaintiff, but that the defendant was also aware of the risk, yet acted in disregard of that risk. In any amended complaint, plaintiff must allege facts supporting both prongs of Farmer. 511 U.S. at 837.

The court finds the allegations in plaintiff's complaint so vague and conclusory

8

that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  As noted above, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Warden of the Federal Correctional Institution at Terre Haute filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: December 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jack2116.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CHARLES JACKSON,

        Plaintiff,               No. 2:11-cv-2116 KJN P

    vs.

FEDERAL CORRECTIONAL INSTITUTION, HERLONG, HEALTH SERVICES, et al.,

                                            <u>NOTICE OF AMENDMENT</u>

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                            _____
                                            Plaintiff