1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN CHARLES JACKSON,

11              Plaintiff,                    No. 2:11-cv-2116 KJN P

12        vs.

13   FEDERAL CORRECTIONAL              ORDER
     INSTITUTION ("FCI"), HERLONG,
14   HEALTH SERVICES, et al.,

15              Defendants.

16   _____/

17              Plaintiff is a federal prisoner proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983,[1] and is proceeding in forma pauperis.  Plaintiff consented to

19   proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  By order filed January

20   12, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff

21   has now filed an amended complaint.

22              The court is required to screen complaints brought by prisoners seeking relief

23

24        [1]  Actions under § 1983 and those under Bivens v. Six Unknown Named Agents, 403
     U.S. 388 (1971), are identical save for the replacement of a state actor under § 1983 by a federal
     actor under Bivens.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (same).  When
25   reviewing a Bivens action for which there is no case on point, § 1983 cases are applied by
     analogy.  See, e.g., Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinctions for purposes of
26   immunity between state officials sued under § 1983 and federal officials sued under Bivens).

1  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

2  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

3  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

4  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

5  U.S.C. § 1915A(b)(1),(2).

6  　　　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

8  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

11  pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227.

12  　　　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

13  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

14  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

15  Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

16  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

17  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

18  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

19  id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

20  statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  However,

21  "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair

22  notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551

23  U.S. 89, 93 (2007) (internal quotations and citations omitted).  In reviewing a complaint under

24  this standard, the court must accept as true the allegations of the complaint in question, id., and

25  construe the pleading in the light most favorable to plaintiff.  Jenkins v. McKeithen, 395 U.S.

26  411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Furthermore,

a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S.
at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
Iqbal, 129 S. Ct. at 1949.

Plaintiff, a 22 year old male, suffered from testicular torsion,[2] and alleges that
defendants' failure to provide adequate medical care resulted in the loss of his right testicle.
Plaintiff did not file his amended complaint on the form provided by the court.  Thus, plaintiff's
amended complaint does not clearly identify the individuals plaintiff seeks to name as defendants
herein.  If plaintiff chooses to file a second amended complaint, he should start with the court's
complaint form so that it is clear who plaintiff is naming as defendants, and provides all
necessary information.  It appears that plaintiff names eight individuals as defendants, which this
court will address seriatim.

Plaintiff names as defendants certain doctors at Saint Mary's Hospital who treated
plaintiff, or reviewed certain medical test results for plaintiff, on October 17, 2010.  Plaintiff
claims these defendants failed to "notice a possible testicular torsion," in reviewing the CT scan,
DX abdomen 1 view, and US retroperitoneal complete.  (Dkt. No. 16 at 7.)  Plaintiff contends
defendant Laughlin "supervised, ordered, and verified the inadequate medical care" which
allegedly caused plaintiff injury.  (Id.)

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that
inadequate medical care did not constitute cruel and unusual punishment cognizable under
§ 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical

---

[2]  Testicular torsion is defined as "an emergency condition due to rotation of the testis and
consequent strangulation of its blood supply.  Symptoms are acute scrotal pain and swelling,
nausea, and vomiting.  Diagnosis is based on physical examination and confirmed by color
Doppler ultrasonography.  Treatment is immediate manual detorsion followed by surgical
intervention."  Lui, Paul D., M.D., "Testicular Torsion," The Merck Manual for Health Care
Professionals (January 2010), http://www.merckmanuals.com/professional/genitourinary_
disorders/penile_and_scrotal_disorders/testicular_torsion.html#v1058991 (accessed February 27,
2012).

1  needs." An official is deliberately indifferent if he both knows of and disregards an excessive

2  risk to an inmate's health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, to demonstrate

3  deliberate indifference, a plaintiff must establish that the alleged harm was "sufficiently serious"

4  and that the official acted with a "sufficiently culpable state of mind." Id. at 834 (citing Wilson

5  v. Seiter, 501 U.S. 294, 298, 302-03 (1991)).

6          Thus, a prison official does not act in a deliberately indifferent manner unless the

7  official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S.

8  at 834. Deliberate indifference may be shown "when prison officials deny, delay or intentionally

9  interfere with medical treatment," or in the manner "in which prison physicians provide medical

10 care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

11 WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is

12 alleging a delay in receiving medical treatment, the delay must have led to further harm in order

13 for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin,

14 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th

15 Cir. 1985)).

16         "[A] complaint that a physician has been negligent in diagnosing or treating a

17 medical condition does not state a valid claim of medical mistreatment under the Eighth

18 Amendment. Medical malpractice does not become a constitutional violation merely because the

19 victim is a prisoner." Estelle, 429 U.S. at 106. Isolated occurrences of neglect do not constitute

20 deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th

21 Cir. 2006) ("If the harm is an 'isolated exception' to the defendant's 'overall treatment of the

22 prisoner [it] ordinarily militates against a finding of deliberate indifference."); McGuckin, 974

23 F.2d at 1060; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990). In applying this standard,

24 the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been

25 abridged, "the indifference to his medical needs must be substantial. Therefore, "a complaint

26 that a physician has been negligent in diagnosing or treating a medical condition does not state a

1   valid claim of medical mistreatment under the Eighth Amendment." <u>Estelle</u>, 429 U.S. at 106.

2   Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.

3   <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir.1990) ("Although Wood's treatment

4   was not as prompt or efficient as a free citizen might hope to receive, Wood was given medical

5   care at the prison that addressed his needs.")

6           Here, plaintiff provides copies[3] of the test results he claims these doctors allegedly

7   misread, and none of these tests reveal a view of plaintiff's testicles, but reflect views of his

8   abdomen, spleen, pancreas, liver, gallbladder, bowel, pelvis, kidneys, and bladder.  (Dkt. No. 16

9   at 21-25.)  None of these test results reflect plaintiff suffered from testicular torsion.  (<u>Id.</u>)

10  Plaintiff concedes that his discharge impression was "impression of constipation."  (Dkt. No. 16

11  at 7.)  The amended complaint and appended documents demonstrate that plaintiff presented with

12  complaints of abdominal and supra pubic pain, and was provided with multiple medical tests,

13  including lab tests and a CT scan, on October 17, 2010.  (Dkt. No. 16 at 17-25.)  The Emergency

14  Department Record reflects that torsion risk factors were noted as none, and that medical

15  professionals considered the following differential diagnoses during plaintiff's evaluation:

16  appendicitis, constipation, urolithiasis, or UTI (urinary tract infection).  (Dkt. No. 16 at 20.)

17  Although the exam notes reflect plaintiff's right testicle was tender to palpation, the diagnosis of

18  testicular torsion was not considered during plaintiff's evaluation, and there are no indications

19  that plaintiff's right testicle was swollen at that time.  (<u>Id.</u>)  Plaintiff did not complain of scrotal

20  pain, nausea, or vomiting.  (<u>Id.</u>)

21          Thus, plaintiff's allegations fail to state a cognizable claim that defendants Colby,

22  Laughlin, and Michelson were deliberately indifferent to plaintiff's serious medical needs.

23  Rather, it appears defendants Colby, Laughlin, and Michelson did not believe plaintiff was

24  suffering from testicular torsion on October 17, 2010, or misdiagnosed plaintiff's symptoms as

25

26          [3]  Exhibits appended to a complaint are a part thereof for all purposes.  <u>See</u> Fed. R. Civ.
P. 10(c).

1    constipation.  Negligent misdiagnosis or medical malpractice do not constitute deliberate

2    indifference.  In addition, plaintiff alleges no facts suggesting defendants Colby, Laughlin or

3    Michelson acted with the culpable state of mind required to state a claim of deliberate

4    indifference.  Plaintiff's allegations fail to rise to the level of a constitutional violation, and

5    plaintiff should not include defendants Colby, Laughlin and Michelson in any second amended

6    complaint.

7            Plaintiff names MLP Paraiso as a defendant.  Plaintiff's allegations as to

8    defendant Paraiso are insufficient for the court to determine whether plaintiff is able to state a

9    cognizable Eighth Amendment claim.  Plaintiff appears to allege that MLP[4] Paraiso did not refer

10   plaintiff to a doctor, and that "at that moment the injury could have worsened."  (Dkt. No. 16 at

11   8.)  Plaintiff alleges defendant Paraiso told plaintiff he had constipation and suggested plaintiff

12   drink lots of fluids and take fiber or Metamucil.  (Id.)  However, as noted above, plaintiff was

13   previously diagnosed by a medical doctor as having constipation, and Paraiso's recommended

14   treatment comports with the treatment recommended by the doctor at the emergency room on

15   October 17, 2010.  Plaintiff also fails to allege any facts demonstrating that defendant Paraiso

16   acted with a culpable state of mind, rather than either misdiagnosing, or having a different

17   opinion as to, plaintiff's condition.  A mere difference of opinion between a prisoner and prison

18   medical staff as to appropriate medical care does not give rise to a § 1983 claim.  Franklin v.

19   Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Plaintiff's allegations as to defendant Paraiso,

20   without more, fail to state an Eighth Amendment violation.

21           Plaintiff names James Pelton, M.D. as a defendant.  Plaintiff alleges:

22       When plaintiff arrived back at the institution[,] Pelton cosigned all
         action[s] that took place on October 17th through Oct. 19th, 2010.
23       Pelton was cognizable of the violations Wilson and Paraiso both
         committed.  See Appendix III.
24

25   _____

26       [4]  Plaintiff does not define the acronym "MLP," which makes it difficult to determine
     defendant Paraiso's responsibility, if any, in providing plaintiff medical care.

1    (Dkt. No. 16 at 8.)

2           Supervisory personnel are generally not liable under § 1983 for the actions of their

3    employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a

4    supervisorial position, the causal link between him and the claimed constitutional violation must

5    be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979) (no liability

6    where there is no allegation of personal participation); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441

7    (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979) (no liability where there is no evidence of

8    personal participation).  Vague and conclusory allegations concerning the involvement of official

9    personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d

10   266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

11   participation is insufficient).

12          Plaintiff's allegations as to defendant Pelton are too vague and conclusory to state

13   a cognizable Eighth Amendment claim.  Plaintiff fails to demonstrate how defendant Pelton's

14   acts in co-signing medical records from October 18 and 19, 2010, demonstrate defendant Pelton

15   was deliberately indifferent to plaintiff's serious medical needs.  Also, the medical records from

16   October 17, 2010, reflect no involvement or co-signing by defendant Pelton.  "[W]hen a

17   supervisor is found liable based on deliberate indifference, the supervisor is being held liable for

18   his or her own culpable action or inaction, not held vicariously liable for the culpable action or

19   inaction of his or her subordinates."  <u>Starr v. Baca</u>, 2011 WL 2988827, at *2-*3 (9th Cir. July 25,

20   2011).  Plaintiff's allegations as to defendant Pelton are insufficient.

21          Plaintiff names EMT S. Wilson as a defendant.  Plaintiff alleges that on October

22   19, 2010, defendant Wilson took plaintiff's swollen testicle in his hand and pushed it upward,

23   causing plaintiff excruciating pain.  (Dkt. No. 16 at 8.)  Wilson allegedly told plaintiff he was

24   "pushing" plaintiff's testicle back inside.  (<u>Id.</u>)  Plaintiff alleges Wilson's action "may have even

25   caused the testicle torsion."  (<u>Id.</u>)  However, plaintiff fails to articulate a culpable state of mind

26   on the part of defendant Wilson.  It appears that defendant Wilson may have attempted manual

1  detorsion, which the Merck Manual states is the immediate treatment given prior to surgical

2  intervention.  Plaintiff's allegations as to defendant Wilson, without more, fail to state a

3  cognizable civil rights claim.

4           Plaintiff also names Health Services Director Burnabe as a defendant.  Plaintiff

5  contends defendant Burnabe delayed plaintiff's receipt of medical care on October 17, 2010,

6  when Buranbe refused to have plaintiff seen by a doctor when plaintiff presented at sick call at

7  6:26 a.m. (Dkt. No. 16 at 3-4.)  Plaintiff was seen that evening at 8:45 p.m. at St. Mary's

8  emergency room.  (Dkt. No. 16 at 17.)  However, when plaintiff was seen by doctors in the

9  emergency room on that same day, after multiple medical tests were performed, plaintiff was

10 diagnosed with constipation.  Thus, plaintiff fails to demonstrate how the delay by defendant

11 Buranbe on October 17, 2010, caused plaintiff further harm.

12          Similarly, plaintiff claims that the failure of unnamed prison officials to provide

13 health services during the evening of October 17, 2010, to provide plaintiff medical care, or to

14 provide him with a wheelchair or stretcher, so that plaintiff was not forced to walk 200 yards in

15 pain, which he alleges may have caused the damage to his testicle, also fails to demonstrate

16 deliberate indifference to plaintiff's serious medical needs.  Plaintiff also alleges that paramedics

17 were summoned at 6:28 p.m. and arrived at 7:07 p.m., and that plaintiff was transported to St.

18 Mary's Hospital at 7:28 p.m. and arrived at 8:25 p.m., and appears to claim this was an

19 unreasonable delay.  These allegations are too vague and conclusory for the court to determine

20 whether plaintiff states a cognizable Eighth Amendment violation based on a delay in medical

21 treatment.

22          Finally, it is unclear whether plaintiff can amend to state a cognizable Eighth

23 Amendment claim under these circumstances.  Plaintiff's allegations make clear that even he is

24 uncertain when the testicular torsion took place.  He suggests that it might have occurred while

25 he was walking 200 yards in pain, or possibly when defendant Wilson attempted to push the

26 testicle back inside.  However, it is also possible that the testicular torsion occurred

1    spontaneously.[5]  Moreover, documents provided by plaintiff demonstrate that once plaintiff

2    complained of extreme scrotal pain and swelling, plaintiff received urgent medical care.  (Dkt.

3    No. 16 at 30.)  On October 19, 2010, plaintiff was evaluated by an EMT for "an emergency for

4    an onset of severe right testicular pain," and transported to St. Mary's Hospital for evaluation and

5    treatment.  (Id.)  On October 19, 2010, a scrotal ultrasound exam was performed at 9:37 p.m.,

6    and the report noted right testicular pain, and an impression of right testicular torsion.  (Dkt. No.

7    16 at 34.)  On October 20, 2010, a right orchiectomy was performed due to torsion and gangrene

8    of the right testicle, and plaintiff was discharged later that day.  (Dkt. No. 1 at 35.)  It is

9    unfortunate that plaintiff's testicular torsion was not earlier diagnosed such that an orchiectomy

10   could have been avoided; however, plaintiff fails to allege facts demonstrating defendants knew

11   of, yet disregarded, an excessive risk to plaintiff's health.

12          In an abundance of caution, plaintiff will be granted one final opportunity to file a

13   second amended complaint.  As noted above, plaintiff must allege facts demonstrating how each

14   named defendant acted with the culpable state of mind evidencing deliberate indifference to

15   plaintiff's serious medical needs.  Although the Federal Rules adopt a flexible pleading policy, a

16   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

17   v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

18   least some degree of particularity overt acts which defendants engaged in that support plaintiff's

19   claim.  Id.

20          If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

21   how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

22   rights.  Also, the second amended complaint must allege in specific terms how each named

23   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

24

25          [5] "Signs and symptoms of testicular torsion may start following:  physical activity, an
26   injury to the scrotum, sleep."  Mayo Clinic staff, "Causes - Testicular Torsion," (Jan. 28, 2010),
     http://www.mayoclinic.com/health/testicular-torsion/DS01039/DSECTION=causes.

affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.  As set forth above, plaintiff should not renew his claims against defendants Colby, Laughlin, and Michelson.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed; and

2.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Second Amended Complaint, using the court's complaint form.  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

////

////

1        3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil

2   rights action pursuant to 42 U.S.C. § 1983.

3   DATED:   February 29, 2012

4

5                                          _____

6                                          KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE
7   jack2116.14a

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN CHARLES JACKSON,

11              Plaintiff,                        No. 2:11-cv-2116 KJN P

12        vs.

13   FEDERAL CORRECTIONAL
     INSTITUTION ("FCI"), HERLONG,
14   HEALTH SERVICES, et al.,                    NOTICE OF AMENDMENT

15              Defendants.

16   _____/

17        Plaintiff hereby submits the following document in compliance with the court's

18   order filed _____:

19              _____        Second Amended Complaint

20   DATED:

21

22                                     _____
                                       Plaintiff
23

24

25

26