1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN CHARLES JACKSON,

11              Plaintiff,                    No. 2:11-cv-2116 KJN P

12        vs.

13   FEDERAL CORRECTIONAL              ORDER
     INSTITUTION ("FCI"), HERLONG,
14   HEALTH SERVICES, et al.,

15              Defendants.

16   _____/

17              Plaintiff is a federal prisoner proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983,[1] and is proceeding in forma pauperis.  Plaintiff consented to

19   proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  By order filed March

20   1, 2012, plaintiff's amended complaint was dismissed, and plaintiff was granted leave to file a

21   second amended complaint.  Plaintiff has now filed a second amended complaint.

22   ////

23   _____

24        [1] Actions under § 1983 and those under Bivens v. Six Unknown Named Agents, 403
     U.S. 388 (1971), are identical save for the replacement of a state actor under § 1983 by a federal
25   actor under Bivens.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (same).  When
     reviewing a Bivens action for which there is no case on point, § 1983 cases are applied by
26   analogy.  See, e.g., Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinctions for purposes of
     immunity between state officials sued under § 1983 and federal officials sued under Bivens).

1

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

In the court's March 1, 2012 order, plaintiff was provided information as to his pleading defects, and advised what is required to state a cognizable Eighth Amendment deliberate indifference claim.  In response, plaintiff filed a four page complaint, re-naming individuals against whom the court previously found plaintiff could not state a cognizable civil rights claim.  (Dkt. No. 18 at 6-8.)  Moreover, rather than provide factual allegations as to each defendant, plaintiff set forth three sentences alleging negligent medical treatment or medical malpractice.  As plaintiff was previously advised, isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) ("If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.")  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In the second amended complaint, plaintiff alleges no facts rising to the level of deliberate indifference, which is a higher standard than mere negligence.

In an abundance of caution, plaintiff will be provided one final opportunity to file a third amended complaint that alleges facts demonstrating a cognizable Eighth Amendment violation.  Plaintiff is advised that he must provide factual allegations responsive to this court's March 1, 2012 order.  Plaintiff previously provided medical records that refute his claims as to defendants Colby, Laughlin, and Michelson (dkt. no. 18 at 6).  As plaintiff was previously instructed, plaintiff should not re-name these individuals as defendants in any third amended complaint.  While plaintiff should use the court's form for filing the third amended complaint, plaintiff must provide factual allegations sufficient to support an Eighth Amendment claim as to each named defendant.  While detailed factual allegations are not required, "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic

Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility
> and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations, and are

not entitled to the assumption of truth.  Id. at 1950.  In addition, plaintiff must allege sufficient

facts demonstrating a causal connection between the defendant and the alleged constitutional

violation.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no

allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert.

denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation).

       Finally, plaintiff is cautioned that the court will refer to plaintiff's prior exhibits in

evaluating any third amended complaint.  The medical records and other documents provided are

part of the court's record.  Thus, it is imperative that plaintiff's factual allegations address the

deficiencies set forth in this court's March 1, 2012 order.

       Accordingly, IT IS HEREBY ORDERED that:

       1.  Plaintiff's second amended complaint is dismissed.

       2.  Within thirty days from the date of this order, plaintiff shall complete the

attached Notice of Amendment and submit the following documents to the court:

           a.  The completed Notice of Amendment; and

1           b.  An original and one copy of the Third Amended Complaint.

2    Plaintiff's third amended complaint shall comply with the requirements of this court's March 1,

3    2012 order, the instant order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the

4    Local Rules of Practice.  The third amended complaint must also bear the docket number

5    assigned to this case and must be labeled "Third Amended Complaint."  Failure to file a third

6    amended complaint in accordance with this order may result in the dismissal of this action.

7           3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil

8    rights complaint.

9    DATED:  July 3, 2012

10

11

12    KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

13    jack2116.14c

14

15

16

17

18

19

20

21

22

23

24

25

26

           4

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN CHARLES JACKSON,

11           Plaintiff,                          No. 2:11-cv-2116 KJN P

12      vs.

13   FEDERAL CORRECTIONAL                NOTICE OF AMENDMENT
     INSTITUTION ("FCI"), HERLONG,
14   HEALTH SERVICES, et al.,

15           Defendants.

16

     _____/
17
             Plaintiff hereby submits the following document in compliance with the court's
18
     order filed _____:
19
             _____       Third Amended Complaint
20
     DATED:
21

22

23                               _____
                                 Plaintiff
24

25

26